# WEBSTER COAL AND COKE COMPANY *v.* CASSATT.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 283.    Argued October 28, 29, 1907.—Decided December 2, 1907.

An order of the Circuit Court under § 724, Rev. Stat., adjudging and decreeing that certain officers of the defendant corporation produce books and papers, held to be an interlocutory order in the suit and not a final order as against the individuals, and, therefore, not reviewable at their instance, on writ of error, by the Circuit Court of Appeals.

150 Fed. Rep. 48, reversed.

THE Webster Coal and Coke Company commenced an action at law in the Circuit Court of the United States for the Eastern District of Pennsylvania against the Pennsylvania Railroad Company, defendant, to recover damages for its alleged violation of the Interstate Commerce Act of February 4, 1887, by discriminating against plaintiff in the allowance of freight rates on coal and coke. The defendant pleaded not guilty.

In the opinion below it is stated.:

"After issue was thus joined, and before the time for the trial of the action, the plaintiff filed in the Circuit Court a petition in which, after setting forth the nature of the action at law and declaring that the defendant, and Alexander J. Cassatt, president, John B. Thayer, fourth vice-president, and ten other specifically-named officers and employés of the defendant, had in their possession or power certain books and papers containing evidence pertinent to the issue, there was a prayer for an order requiring the defendant, and its said officers and employés, to produce said books and papers at the trial, and also for inspection by the plaintiff's representatives before trial. The application for the order was based on § 724 of the Revised Statutes, which is as follows:

" 'In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery. If a plaintiff fails to comply with such order, the court may, on motion, give the like judgment for the defendant as in cases of non-suit; and if a defendant fails to comply with such order, the court may, on motion, give judgment against him by default.'

"On presentation of the petition to the Circuit Court, a rule was allowed requiring the defendant and its officers and employés named in the petition, to show cause before the court on a certain day why they 'should not produce on the trial of this cause' the books and writings above referred to; and also why they should not produce them at a certain time and place before trial 'and permit the plaintiff, its counsel and accountants, to inspect the same and take such copies as they may deem proper.' The defendant answered the petition setting forth (1) that the action was for the recovery of damages in the nature of penalties, and therefore that the defendant

was not obliged to produce its books and papers, either before or at the trial; (2) that even if the action were one in which the defendant could be required to produce its books and papers at the trial, it could not be required to do so before the trial; (3) that the petition did not describe with sufficient particularity the books and papers the production of which was desired, or state the facts which the books and papers would tend to prove; and (4) that the defendant could not produce any books which would show the rebates and drawbacks alleged to have been allowed to other companies, because they had not been so kept as to show any such allowances. With the petition and answer before it, the Circuit Court, on the return of the rule to show cause, 'adjudged, ordered and decreed' that Alexander J. Cassatt, president, John B. Thayer, fourth vice-president, and the ten other officers and employés of the defendant, 'produce on the trial of this cause' the books and papers described in the petition, and also that they produce them before trial at a specified time and place for the inspection of the plaintiff with leave to the plaintiff to make copies thereof."

To review this order, Cassatt and the other officers and agents of the Pennsylvania Company sued out, as individuals, a writ of error from the Circuit Court of Appeals for the Third Circuit, assigning as error (1) that the Circuit Court erred in entering the order requiring plaintiffs in error to submit to the inspection of the plaintiff below and its counsel, prior to the trial of the cause, the books, records and papers referred to therein; and (2) requiring the production at the trial of said books, records and papers. The case was heard, together with two similar cases, one of which was entitled *Pennsylvania Coal & Coke Company* v. *Cassatt,* and is numbered 284 on the present docket.

The Circuit Court of Appeals gave an opinion in one case applicable to the three, and reversed the judgments of the Circuit Court with costs. 150 Fed. Rep. 32, 48. That court held that the order in question was a "final decision" within

§ 6 of the Judiciary Act of March 3, 1891; that the proceeding which resulted in the order was independent of and collateral to the main action, and the order therefore reviewable on a writ of error; that the corporation's officers and agents were not "parties" within Revised Statutes, § 724; that that section did not authorize an order requiring a party to produce books and papers before trial, but if such relief was desired it must be obtained by a bill of discovery. The present cause was then brought to this court on certiorari, and is numbered 283 on its docket. It was advanced for hearing and heard October 28, 29, together with No. 284, also brought up on certiorari.

*Mr. John W. Griggs*, with whom *Mr. Benjamin S. Harmon*, *Mr. George S. Graham* and *Mr. David L. Krebs* were on the brief, for petitioner:

The Circuit Court of Appeals had no power to review the order of the lower court.

The order was not a collateral matter distinct from the general subject of litigation affecting only the parties to the particular controversy, and finally settling the controversy, such as was referred to in *Brush Electric Company* v. *Electric Improvement Company*, 51 Fed. Rep. 557, but had distinct and important bearing on the general subject of the litigation. In fact, the order did not affect the respondents as individuals at all, being directed against them in their representative capacities. If the penalty prescribed in § 724 Rev. Stat. for disobedience of the order is not exclusive and the court has power to punish disobedience or enforce compliance, then, under the authority of *Alexander* v. *United States*, 201 U. S. 117, the order, prior to such action on the part of the court, is interlocutory in the principal suit.

On the other hand, if the penalty be considered exclusive, then the order, so far as concerns the respondents in certiorari, was mere *fulmen brutum* and they were in no way aggrieved. Still further, the order was rendered in a proceeding for the pro-

tection of the rights of the party to the suit for whose benefit it was made and for that reason not reviewable. *Doyle* v. *London Guarantee Co.*, 204 U. S. 599.

*Mr. John G. Johnson,* with whom *Mr. Francis I. Gowen* was on the brief, for respondents:

The order of the Circuit Court was a final one and one, consequently, which the Court of Appeals was justified in reviewing. The procedure authorized by § 724, Rev. Stat. is a substitute for proceedings in equity in the nature of discovery.

If the petitioner had been at liberty to proceed in equity by a bill of discovery and had obtained an order or decree similar to that which it has obtained under § 724, an appeal from such order or decree would have been allowable.

But if the order now before the court would have been a final one in an equity proceeding of the character alluded to, it is a final one under the procedure authorized by § 724. The question of its finality, it would seem, ought not to be determined with reference to the character of the proceeding in which it was made, but should be determined solely with reference to the question whether the court has finally by its order or decree disposed of the controversy with respect to which the order was made.

The order was a final one, in the sense that it exhausted the power of the court in the proceeding in which it had been made. Even failure, on the part of the defendants, to comply with its directions, would not open the door to further proceedings or orders, for such failure would not subject them to any pains or penalties whatsoever. The penalty of such disobedience would be visited upon the defendant in the main action, for by the provisions of § 724, failure to produce books and papers by a defendant when ordered authorizes entry of judgment against the defendant by default, and this is the only penalty that follows such failure.

The order involved in the present proceeding was final. It finally and completely disposed of the question of the right

of the petitioner to have the defendant's papers submitted to its inspection in advance of trial and left open no question or matter for further consideration or action by the court and it was final, therefore, both as to the defendant and those to whom it was directed. *Butler* v. *Fayerweather*, 91 Fed. Rep. 458, citing: *Mackeye* v. *Mallory*, 24 C. C. A. 420, S. C., 79 Fed. Rep. 1; *Rouse* v. *Hornsby*, 14 C. C. A. 377, S. C., 67 Fed. Rep. 219; *Gumbel* v. *Pitkin*, 113 U. S. 545, S. C., 5 Sup. Ct. 616; *Central Trust Co.* v. *Grant Locomotive Works*, 135 U. S. 207; *Alexander* v. *United States*, 201 U. S. 117, discussed and distinguished.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

The Pennsylvania Railroad Company did not except to the order nor attempt to prosecute a writ of error therefrom if that were possible; the plaintiffs in error, who were officers of the company, excepted and carried the case up on this writ of error. They were not parties to the case between the Coal Company and the Railroad Company, had no property in the books and papers referred to, were mere custodians as officers, and any rights of theirs were not made to appear to be involved in the disclosures sought. The order as to them was purely interlocutory, not imposing penalty or liability, and not finally disposing of an independent proceeding.

What Mr. Justice Bradley said in *Williams* v. *Morgan*, 111 U. S. 684, 699, in holding a decree on intervention appealable, and citing many cases, was that the order appealed from there "was final in its nature, and was made in a matter distinct from the general subject of litigation,—a matter by itself, which affected only the parties to the particular controversy, and those whom they represented."

This order affected the plaintiff and defendant in the case itself, and not respondents as individuals at all, and if the court had power to punish disobedience or enforce compliance

then the order prior to such action on the part of the court was clearly interlocutory in the suit. *Alexander* v. *United States*, 201 U. S. 117. If the provision of § 724 in respect of disobedience of such an order was exclusive, then, of course, respondents were in no way aggrieved. *Doyle* v. *London Guarantee Co.*, 204 U. S. 599.

Whether the order to produce was valid, and whether it warranted judgment by default against the defendant company were matters in which plaintiffs in error had no concern. There was here no attachment for contempt, no judgment on default, and no independent and collateral proceeding, the order disposing of which could be considered as a final decree.

*Judgment reversed and cause remanded with a direction to dismiss the writ of error.*