207 U.S. 181
 28 S.Ct. 108
 52 L.Ed. 160
 WEBSTER COAL & COKE COMPANY, Petitioner,
v.
A. J. CASSATT, John B. Thayer, Charles E. Pugh, et al.
 No. 283.
 Argued October 28, 29, 1907.
 Decided December 2, 1907.
 
 The Webster coal & Coke Company commenced an action at law in the circuit court of the United States for the eastern district of Pennsylvania against the Pennsylvania Railroad Company, defendant, to recover damages for its alleged violation of the interstate commerce act of February 4, 1887 [24 Stat. at L. 379, chap. 104, U. S. Comp. Stat. 1901, p. 3154], by discriminating against plaintiff in the allowance of freight rates on coal and coke. The defendant pleaded not guilty.
 In the opinion below it is stated:
 'After issue was thus joined, and before the time for the trial of the action, the plaintiff filed in the circuit court a petition in which, after setting forth the nature of the action at law, and declaring that the defendant and Alexander J. Cassatt, president, John B. Thayer, fourth vice president, and ten other specifically-named officers and employees of the defendant, had in their possession or power certain books and papers containing evidence pertinent to the issue, there was a prayer for an order requiring the defendant and its said officers and employees to produce said books and papers at the trial, and also for inspection by the plaintiff's representatives before trial. The application for the order was based on § 724 of the Revised Statutes (U. S. Comp. Stat. 1901, p. 583), which is as follows:
 "In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery. If a plaintiff fails to comply with such order, the court may, on motion, give the like judgment for the defendant as in cases of nonsuit; and, if a defendant fails to comply with such order, the court may, on motion, give judgment against him by default.'
 'On presentation of the petition to the circuit court, a rule was allowed requiring the defendant and its officers and employees named in the petition to show cause before the court on a certain day why they 'should not produce on the trial of this cause' the books and writings above referred to; and also why they should not produce them at a certain time and place before trial 'and permit the plaintiff, its counsel and accountants, to inspect the same and take such copies as they may deem proper.' The defendant answered the petition, setting forth (1) that the action was for the recovery of damages in the nature of penalties, and therefore that the defendant was not obliged to produce its books and papers, either before or at the trial; (2) that even if the action were one in which the defendant could be required to produce its books and papers at the trial, it could not be required to do so before the trial; (3) that the petition did not describe with sufficient particularity the books and papers the production of which was desired, or state the facts which the books and papers would tend to prove; and (4) that the defendant could not produce any books which would show the rebates and drawbacks alleged to have been allowed to other companies, because they had not been so kept as to show any such allowances. With the petition and answer before it, the circuit court, on the return of the rule to show cause, 'adjudged, ordered, and decreed' that Alexander J. Cassatt, president, John B. Thayer, fourth vice president, and the ten other officers and employees of the defendant, 'produce on the trial of this cause' the books and papers described in the petition, and also that they produce them before trial at a specified time and place for the inspection of the plaintiff, with leave to the plaintiff to make copies thereof.'
 To review this order, Cassatt and the other officers and agents of the Pennsylvania company sued out, as individuals, a writ of error from the circuit court of appeals for the third circuit, assigning as error (1) that the circuit court erred in entering the order requiring plaintiffs in error to submit to the inspection of the plaintiff below and its counsel, prior to the trial of the cause, the books, records, and papers referred to therein; and (2) requiring the production at the trial of said books, records, and papers. The case was heard, together with two similar cases, one of which was entitled Pennsylvania Coal & Coke Co. v. Cassatt, and is numbered 284 on the present docket. [207 U. S. 187, 52 L. ed. ——, 28 Sup. Ct. Rep. 110.]
 The circuit court of appeals gave an opinion in one case applicable to the three, and reversed the judgments of the circuit court with costs. 10 L.R.A.(N.S.) 99, 150 Fed. 32, 48. That court held that the order in question was a 'final decision' within in § 6 of the judiciary act of March 3, 1891 [26 Stat. at L. 828, chap. 517, U. S. Comp. Stat. 1901, p. 549]; that the proceeding which resulted in the order was independent of and collateral to the main action, and the order therefore reviewable on a writ of error; that the corporation's officers and agents were not 'parties' within Revised Statutes, § 724; that that section did not authorize an order requiring a party to produce books and papers before trial, but, if such relief was desired, it must be obtained by a bill of discovery. The present cause was then brought to this court on certiorari, and is numbered 283 on its docket. It was advanced for hearing and heard October 28, 29, together with No. 284, also brought up on certiorari.
 Messrs. John W. Grigges, Benjamin S. Harmon, David L. Krebs, and George S. Graham for petitioner.
 [Argument of Counsel from page 184 intentionally omitted]
 Messrs. John G. Johnson and Francis I. Gowen for respondents.
 [Argument of Counsel from page 185 intentionally omitted]
 Mr. Chief Justice Fuller delivered the opinion of the court:
 
 
 1
 The Pennsylvania Railroad Company did not except to the order, nor attempt to prosecute a writ of error therefrom, if that were possible; the plaintiffs in error, who were officers of the company, excepted and carried the case up on this writ of error. They were not parties to the case between the coal company and the railroad company, had no property in the books and papers referred to, were mere custodians as officers, and any rights of theirs were not made to appear to be involved in the disclosures sought. The order as to them was purely interlocutory, not imposing penalty or liability, and not finally disposing of an independent proceeding.
 
 
 2
 What Mr. Justice Bradley said in Williams v. Morgan, 111 U. S. 684, 698, 28 L. ed. 559, 564, 4 Sup. Ct. Rep. 638, in holding a decree on intervention appealable, and citing many cases, was that the order appealed from there 'was final in its nature, and was made in a matter distinct from the general subject of litigation, a matter by itself, which affected only the parties to the particular controversy, and those whom they represented.'
 
 
 3
 This order affected the plaintiff and defendant in the case itself, and not respondents as individuals at all, and, if the court had power to punish disobedience or enforce compliance, then the order prior to such action on the part of the court was clearly interlocutory in the suit. Alexander v. United States, 210 U. S. 117, 50 L. ed. 686, 26 Sup. Ct. Rep. 356. If the provision of § 724 in respect of disobedience of such an order was exclusive, then, of course, respondents were in no way aggrieved. Doyle v. London Guarantee & Acci. Co. 204 U. S. 599, 51 L. ed. 641, 27 Sup. Ct. Rep. 313.
 
 
 4
 Whether the order to produce was valid. and whether it warranted judgment by default against the defendant company, were matters in which plaintiffs in error had no concern. There was here no attachment for contempt, no judgment on default, and no independent and collateral proceeding, the order disposing of which could be considered as a final decree.
 
 
 5
 Judgment reversed and cause remanded with a direction to dismiss the writ of error.