**Cornelius H. DOHERTY and Household Finance Company, a corporation, Appellants,**

v.

**Eva SHAMLEY, Appellee.**

No. 1952.

Municipal Court of Appeals for the District of Columbia.

Argued March 18, 1957.

Decided June 13, 1957.

Thomas S. Walsh, Washington, D. C., with whom Cornelius H. Doherty, Washington, D. C., appellant, pro se, was on the brief, for appellants.

Donald J. Caulfield, Washington, D. C., with whom Bond L. Holford, Washington, D. C., was on the brief, for appellee. John S. Mears, Washington, D. C., also entered an appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This controversy is before us on an adjudication of contempt after the individual appellant, an attorney, had failed to comply

with an order of the trial court compelling the production of a written statement in his possession taken of a person not a party to the action.

Suit had been brought against appellant corporation for personal injuries sustained in a collision between the vehicle of appellee and one operated by Richard Burrell, alleged to be an agent of the corporation. In its original answer, the corporation denied negligence but admitted the agency. An amended answer was later filed denying the agency.

A subpoena duces tecum was subsequently directed to the claims manager of the indemnity company insuring the appellant corporation ordering him to appear with records and files pertaining to the accident for the purpose of taking a deposition. An additional deposition notice was directed to an investigator of the indemnity company who had taken the written statement of Burrell after the institution of this suit and who had also learned through conversations with Burrell of his whereabouts prior to the accident. In the course of taking the depositions, the witnesses refused to produce the statement and to divulge information in reference to Burrell's activities prior to the accident on the basis of privilege. A court order ensued compelling the investigator to answer questions relating to the latter information and compelling counsel for the appellant corporation to produce Burrell's statement which was in his possession. Pursuant to a demand for the statement and a refusal by counsel, a motion to compel compliance with the court's order was filed by appellee

culminating in this adjudication of contempt.

It is to be noted that the court's order compelling production of the statement was originally directed to the individual appellant's associate counsel.[1] The individual appellant, who was senior counsel, very commendably advised the court that the statement was in his possession and requested that he be substituted in the order in lieu of his associate.

Appellant attacks the trial court's contempt order on the grounds (1) that appellee failed to show "good cause" for the production of the statement and (2) that it was a privileged document.

We feel we should state at the outset that this court unreservedly accepts counsel's statement to the effect that his course of conduct was motivated not by any disrespect of the trial court, but rather by his sincere belief that the court was in error in ordering the production of the statement in question. It is regrettable that a member of the bar must subject himself to contempt for the purpose of obtaining a final order so that he may appeal the trial court's ruling, since an order compelling the production of records is interlocutory in nature and accordingly is not appealable.[2]

Although the production order is directed to counsel and not to a party to the action, it is apparent that the trial court entered its order under Municipal Court Civil Rule 34.[3] The rules of discovery in the trial court are substantially the same

---

1. The order was directed to the associate counsel, presumably because he alone appeared as counsel at the taking of the deposition.

2. Webster Coal & Coke Co. v. Cassatt, 207 U.S. 181, 28 S.Ct. 108, 52 L.Ed. 160; Pennsylvania R. Co. v. Kirkpatrick, 3 Cir., 203 F.2d 149; O'Malley v. Chrysler Corporation, 7 Cir., 160 F.2d 35.

3. "Upon motion of any party showing *good*

*cause* therefor * * * the court, in which an action is pending, may (1) order any party to produce and permit the inspection * * * of any designated documents, * * * which constitute or contain evidence relating to any other matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; * * *." (Emphasis supplied.)

as the Federal Rules of Civil Procedure, 28 U.S.C.A., and we are therefore guided by decisions interpreting those rules.

■ The movant here seeks the statement of a person not a party to the action taken by appellant corporation's insurer and turned over to its counsel. No real basis for distinction exists between statements taken by a lawyer for use in preparing his case and statements taken by a party or its representative and submitted to the attorney.[4] The ultimate concern of the movant is the production of the statement from opposing counsel and the precise language of Rule 34 demands that he first show "good cause."

■ Although Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 392, 91 L.Ed. 451, does not directly involve Rule 34, the opinion provided the first guiding definition of "good cause." In that case the Supreme Court said: "We are thus dealing with an attempt to secure the production of written statements * * * without any showing of necessity or any indication or claim that denial of such production would unduly prejudice the preparation of petitioner's case or cause him any hardship or injustice." The Court went on to say: "Production might be justified where the witnesses are no longer available or can be reached only with difficulty." It follows from this that the legal cordon of protection granted an attorney and the statements he possesses may be pierced by a showing of "necessity" to avoid "undue" prejudice, but that this "necessity" does not exist when the witnesses are still available or can be reached without difficulty.[5] In Alltmont v. United States, 3 Cir., 177 F.2d 971, certiorari denied, 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375, the court equated "good cause" with "special circumstances," and in Gold-

ner v. Chicago & N. W. Ry. System, D.C. N.D.Ill., 13 F.R.D. 326, the court reiterated the principle that production should not be allowed where the witnesses may be found, irrespective of whether a liberal or restrictive construction is accorded Rule 34. This jurisdiction has twice confirmed the Hickman v. Taylor, supra, view of "good cause."[6]

■ Applying these standards to the present case, an examination must be made of the sequence of events. Appellee was supplied with Burrell's address in interrogatories answered by appellant corporation. Prior to this time, it was pointed out that this address was available in the police accident reports. It is significant that appellee then proceeded to secure the information by deposition from the investigator who took the statement from Burrell. The information sought related to Burrell's relationship to the appellant corporation and his whereabouts prior to the accident; yet no attempt was ever made by appellee to obtain these facts from the direct and best source, Burrell himself.

The only "good cause" arguments adduced by appellee are (1) that Burrell was a nonresident of the District and (2) that counsel for appellant corporation refused appellee the opportunity of taking Burrell's deposition. As to the first argument, the address of Burrell indicates he is a resident of a town in Maryland bordering the District. Code 1951, § 11–741, provides convenient procedure for the taking of testimony of nonresidents for use in the Municipal Court, and the laws of Maryland permit the taking of testimony of its residents for use in other jurisdictions.[7] As to the second argument, counsel for the appellant corporation merely stated that he did not represent Burrell. This cannot be

---

4. Brookshire v. Pennsylvania R. Co., D.C. N.D.Ohio, 14 F.R.D. 154.

5. Helverson v. J. J. Newberry Co., D.C. W.D.Mo., 16 F.R.D. 330.

6. Safeway Stores v. Reynolds, 85 U.S.App.

D.C. 194, 176 F.2d 476; Martin v. Capital Transit Co., 83 U.S.App.D.C. 239, 170 F. 2d 811.

7. Code 1951, Art. 35, §§ 41, 42 (Annotated Code of Maryland).

construed as an attempt to block the taking of Burrell's deposition.

We are convinced that appellee has not shown "good cause" as was incumbent upon her. No attempt was made to show the unavailability of Burrell or to show "necessity" to avoid "undue" prejudice.

In the words of Justice Jackson in the concurring opinion of Hickman v. Taylor, supra: "Having been supplied the [name] of the [witness], petitioner's lawyer gives no reason why he cannot interview [him] himself."

The above being dispositive of the case, we do not reach the question of privilege.

Reversed with instructions to vacate the order of production and the contempt order.