Milton SNYDER, Appellant,

v.

MARYLAND CASUALTY COMPANY,
a corporation, Appellee.

No. 3068.

District of Columbia Court of Appeals.

Argued Dec. 17, 1962.

Decided Feb. 8, 1963.

Rehearing Denied Feb. 20, 1963.

Thomas G. Laughlin, Washington, D. C., for appellant.

John F. Cooney, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

The primary question on this appeal is whether the court below committed reversible error by refusing to compel answers to certain of appellant's interrogatories.

Appellant brought suit on a "Boiler and Machinery Policy" of insurance for damage to a hot water boiler. Appellee contended that the policy did not cover the loss. A lengthy trial was had; many witnesses were called to testify; the issue was finally submitted to the jury, and they returned a verdict in favor of appellee.

Pursuant to the rules of the Court of General Sessions concerning discovery, appellant, prior to trial, served upon appellee a number of written interrogatories. Appellee answered some of them but refused to answer others. The trial court subsequently ordered appellee to answer one of the interrogatories it had refused to answer, but declined to require appellee to answer the remaining ones. Appellant asserts that the court erred in refusing to require appellee to answer all the interrogatories and urges reversal.

In interpreting the discovery rules of the trial court we may be guided by decisions construing the Federal Rules of Civil Procedure, 28 U.S.C.A., as they are substantially the same.[1]

The purpose of the rules governing pretrial discovery is to reduce the possibility of surprise at trial by compelling the disclosure of relevant facts prior to trial; the rules are therefore "to be accorded a broad and liberal treatment."[2] Within this framework the trial court has discretion in determining whether to compel answers to interrogatories,[3] and its action will not be disturbed unless there has been an abuse of discretion[4] which is prejudicial.[5]

We have carefully examined the interrogatories propounded by appellant and it would serve no useful purpose to set them forth in detail here. Some were immaterial, some called for opinions and conclusions, others were unreasonably bur-

1. Doherty v. Shamley, D.C.Mun.App., 132 A.2d 862 (1957).

2. Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947).

3. See generally, 2A Barron & Holtzoff, Federal Practice & Procedure § 776, and cases there cited.

4. Newell v. Phillips Petroleum Co., 144 F. 2d 338 (10th Cir., 1944).

5. Leishman v. Radio Condenser Co., 167 F.2d 890 (9th Cir., 1948), cert. denied, 335 U.S. 891, 69 S.Ct. 246, 93 L.Ed. 429; 4 Moore, Federal Practice § 26.37 [6].

densome. We therefore conclude that the trial court did not abuse its discretion in refusing to compel answers.

Appellant also alleges that it was error to admit into evidence a bill for repairs made in the regular course of business by a repairman investigating a leak to the boiler several weeks prior to the instant damage. This bill contained the notation: "Boiler is leaking at left-hand bottom. Automatic valves are feeding boiler. This boiler has been welded and should be replaced." There is in the record no objection to the admission of the repair bill, and we therefore cannot consider the alleged error in its admission.[6]

There is no need to consider the remaining charge of error.

Affirmed.

6. James v. Greenberg, D.C.Mun.App., 55 A.2d 727 (1947).