**In the Matter of Patricia ROM et al.,
Appellants.**

No. 72-1084.

United States Court of Appeals,
Third Circuit.

Argued Feb. 14, 1972.

Decided Feb. 25, 1972.

Allen D. Black, Philadelphia, Pa., for appellants.

Robert L. Keuch, Dept. of Justice, Internal Security Div., Washington, D. C., for appellee.

Before ADAMS, GIBBONS and JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Each of the appellants has been subpoenaed to testify on behalf of the Government in the Trial of United States v. Ahmad, Crim. No. 14,950, a case pending in the Middle District of Pennsylvania. On January 7, 1972 the appellants filed in the district court a motion to quash the subpoenas on the ground that the subpoenas and the testimony which would be sought from them in the trial are the fruit of unlawful electronic surveillance conducted in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq. (1971). In response to their motion, the Government filed affidavits representing that no wiretapping or electronic surveillance had been directed against any of the appellants. *See, e. g.,* In the Matter of Grumbles, 453 F.2d 119 (3d Cir. 1971). The Government also disclosed that on December 3 and December 10, 1970 another probable witness in the case, Boyd F. Douglas, Jr., recorded conversations which he had with two of the defendants in the case on Lewisburg telephone 717–524–1732. One of the appellants, Sandel, is the telephone subscriber for that number. On the basis of this information appellants contended that they were entitled to an evidentiary hearing on their motion to quash the subpoenas. The district court, without conducting an evidentiary hearing, denied the motion to quash the subpoenas. The appellants applied for and the district court denied a stay of that order pending appeal to this court. They move before this court for an order that they not be required to testify in the case of United States v. Ahmad pending final determination of this appeal. Fed.R.App.P. 8.

**16**

The Government as appellee, in response to appellants' motion for a stay pending appeal, has moved to dismiss the appeal or, alternatively, for summary affirmance. We grant the appellee's motion to dismiss the appeal.

 It has long been settled that the denial of a motion to quash a subpoena is for purposes of appeal interlocutory, and hence not appealable. United States v. Ryan, 402 U.S. 530, 532, 91 S. Ct. 1580, 29 L.Ed.2d 85 (1971); Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); Peters v. Ferris, 238 U.S. 608, 35 S.Ct. 662, 59 L.Ed. 1487 (1914); Webster Coal & Coke Co. v. Cassatt, 207 U.S. 181, 28 S. Ct. 108, 52 L.Ed. 160 (1907); Haight & Freese Co. v. Robinson, 203 U.S. 581, 27 S.Ct. 780, 51 L.Ed. 327 (1906); Alexander v. United States, 201 U.S. 117, 122, 26 S.Ct. 356, 50 L.Ed. 686 (1906). In an attempt to avoid these precedents the appellants argue that their motion to quash the subpoenas should be considered as motions to suppress evidence obtained in violation of 18 U.S.C. § 2515. But for purposes of appealability a motion to suppress evidence is also interlocutory. DiBella v. United States, 369 U. S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). The *DiBella* case declined to apply to witness testimony the rationale of Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957), which recognized collateral finality where the motion was for return of property in the possession of the Government.

Appellants contend that 18 U.S.C. § 2515 as interpreted in this court in In re Grand Jury Proceedings, Harrisburg, Pennsylvania, 450 F.2d 199 (3d Cir. 1971), mandates the result that they may take an interlocutory appeal. But in the *Harrisburg* case the appellant had been adjudged guilty of contempt for refusing to testify. A contempt proceeding, unlike a motion to quash or a motion to suppress, is a proceeding separate from the pending criminal case, and results in a final appealable order. *See,* *e. g.,* Hoffman v. United States, 341 U.S.

479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); Blau v. United States, 340 U.S. 332, 71 S.Ct. 301, 95 L.Ed. 306 (1951); Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

■ Congress when it enacted the Omnibus Crime Control and Safe Streets Act of 1968 was well aware of the problem of interlocutory appeals from suppression motions, and it provided that the Government could take such an appeal from the grant of a suppression motion. 18 U.S.C. § 3731. It made no such change in the appellate jurisdiction of the courts of appeals with respect to the denial of suppression motions.

The motion to dismiss the appeal will be granted. In view of this disposition we do not reach the appellants' motion for a stay or the appellee's motion for summary affirmance.