Mabel WHITE, Appellant,

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Appellee.

Mabel WHITE, Appellant,

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Appellee.

Nos. 80–905, 80–1056.

District of Columbia Court of Appeals.

Argued May 6, 1981.

Decided June 5, 1981.

---

Douglas J. Rykhus, Washington, D. C., for appellant.

John C. Swanson, Washington, D. C., for appellee.

Before NEWMAN, Chief Judge, and MACK and FERREN, Associate Judges.

FERREN, Associate Judge:

The sole question presented in these consolidated appeals is whether the trial court abused its discretion in dismissing appellant's lawsuits for failure to prosecute. Because a substantial reason for appellant's inability to proceed to trial was the court's erroneous denial of appellant's motion to compel discovery, the court abused its discretion in dismissing the cases. Accordingly, we reverse and remand for further proceedings.

I.

On January 3, 1977, appellant Mabel White filed suit against appellee Washington Metropolitan Area Transit Authority (WMATA), alleging that because of a bus driver's negligence, she had sustained injuries while exiting a Metro bus in 1974. On February 1, 1977, WMATA served interrogatories on appellant and on March 30, 1977, obtained a court order that appellant submit to a physical examination. On July 31, 1977, before she had provided this discovery, appellant suffered a disabling stroke.

On February 26, 1979, appellant filed a second suit against WMATA, asserting that the negligence of another bus driver had caused appellant a second set of injuries in 1976. WMATA served additional interrogatories on appellant and obtained a second order for a physical examination. In January, 1980, appellant's counsel on behalf of his client provided answers to the interrogatories served by WMATA in each lawsuit. Appellant's counsel also served on WMATA interrogatories and a request for production of documents, all of which WMATA failed to answer. Having received answers to its own interrogatories, however, WMATA noticed the depositions of appellant and two doctors who had treated her after the accidents. Neither the court-ordered physical examinations nor the depositions ever took place.

On Thursday, June 19, 1980, four days before the Monday trial date scheduled for the two consolidated cases, appellant's counsel filed a motion to compel WMATA to answer the interrogatories and produce the documents requested in January. At the hearing on the motion held the next day, appellant's counsel stated that because of appellant's incapacity, he could proceed only if other witnesses could testify as to the accidents. Appellant's counsel acknowledged that he had the name of the bus driver in one case, whom he had not deposed. He asserted the possibility, however, that appellee had knowledge of other witnesses but, by failing to answer his interrogatories, had not disclosed their identities. Appellee's counsel acknowledged that he knew of a witness in one case "who states the plaintiff was bending over to pick up her scarf. That's about all we know your Honor."

The court was skeptical of appellant's ability to establish a case of negligence even with further discovery. The court also expressed a sense of unfairness in compelling discovery from appellee when appellant's condition prevented her from personally answering interrogatories, providing a deposition, or appearing at a doctor's office for a physical examination. The court therefore denied appellant's motion to compel discovery.

The consolidated cases came on for trial as scheduled on Monday, June 23. Appellee

immediately moved "to dismiss for failure to appear for trial, failure to prosecute her case." Appellant's counsel countered that dismissal would be too severe a sanction for appellant's failure to provide discovery, but stated that he could not proceed without further discovery from WMATA. The court then granted the motion to dismiss "due to failure on [the] part of plaintiff to appear for trial and to prosecute her case." Appellant timely noted her appeals. See D.C. Code 1973, § 11–721 (a)(1); D.C.App. R. 4 II(a)(1).

## II.

The question in this consolidated appeal is whether the trial court abused its discretion in dismissing appellant's lawsuits for failure to prosecute. We conclude that the trial court abused its discretion in denying appellant's motion to compel discovery and, as a consequence, that the subsequent dismissal for failure to prosecute cannot stand.

■■■ The decision whether to dismiss a case for failure to prosecute under Super. Ct. Civ. R. 41(b)[1] lies within the sound discretion of the trial court. *Frazier v. Center Motors, Inc.*, D.C.App., 418 A.2d 1018, 1020 (1980); *Taylor v. Washington Hospital Center*, D.C.App., 407 A.2d 585, 590 (1979), cert. denied, 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980); *Garces v. Bradley*, D.C.App., 299 A.2d 142, 144–45 (1973); *see Johnson v. United States*, D.C. App., 398 A.2d 354, 363–67 (1979). Because dismissal is an extreme penalty for lack of diligence, it is disfavored. *Braxton v. McNamara*, D.C.App., 429 A.2d 183 at 184 (1981) (per curiam); *Frazier, supra* at 1020;

*Garces, supra* at 144. "However, where the case progresses to the day of trial and the plaintiff, disappointed by rulings of the court which are adverse to her case, then refuses to go forward, a Rule 41(b) dismissal may be appropriate." *Taylor, supra* at 590. Because appellant's counsel refused to proceed to trial after the court had denied his motion to compel discovery, the dismissal here on its face would appear proper.

■■■ Taylor indicates, however, that in reviewing a dismissal for failure to prosecute, the appellate court also should examine "the merits of the underlying ruling(s) which prompted the plaintiff to refuse to proceed." Id. at 591. Accordingly, in this case we also must consider whether the court's denial of appellant's motion to compel discovery was proper. We conclude that it was not.

A party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, . . . including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Super. Ct. Civ. R. 26(b)(1). "[T]he rules are . . . to be accorded 'a broad and liberal treatment.'" *Dunn v. Evening Star Newspaper Co.*, D.C.App., 232 A.2d 293, 295 (1967) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947)).

"Within this framework" the decision whether or not to grant a motion to compel discovery under Super. Ct. Civ. R. 37(a)[2] is

---

1. Super. Ct. Civ. R. 41(b) provides in pertinent part:

   (b) INVOLUNTARY DISMISSAL: EFFECT THEREOF. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

2. Super. Ct. Civ. R. 37(a) provides in pertinent part:

   (a) MOTION FOR ORDER COMPELLING DISCOVERY. A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

   .  .  .  .  .

   (2) MOTION. If . . . a party fails to answer an interrogatory submitted under Rule 33, or if a party in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer . . . or an

within the discretion of the trial court. *Snyder v. Maryland Casualty Co.*, D.C.App., 187 A.2d 894, 895 (1963); *see Johnson, supra* at 363–67. The rule makes no attempt to define a general standard for making that determination in the wide variety of possible circumstances. The Advisory Committee Note to the comparable federal rule simply states that "Rule 37(a) provides relief to a party seeking discovery against one who, with or without stated objections, fails to afford the discovery sought." 4A Moore's Federal Practice ¶ 37.01[8], at 37–23 (2d ed. 1980). The trial court's decision in a particular case "will not be disturbed unless there has been an abuse of discretion which is prejudicial." *Snyder, supra* at 895 (footnotes omitted).

■■ In this case the trial court's denial of appellant's motion to compel discovery rested on two apparent grounds, both unsound, and deprived appellant of information needed to preserve her case. The trial court, first, expressed doubt that discovery from WMATA would generate enough material to enable appellant to make out a prima facie case of negligence. Appellant, however, was entitled to ask for relevant, non-privileged information. Appellee did not object to the interrogatories or seek a protective order; counsel, moreover, acknowledged that he knew the identity of one witness. Appellee's representation that the witness was not informative provides no basis for denying appellant the opportunity at least to examine the witness independently. Only with such an alternative mode of proof would appellant have had any chance of proceeding.

The second apparent basis for the denial of the motion to compel discovery was the trial court's notion that in the circumstances of this case discovery should be reciprocal. Neither Rule 26 nor any other rule suggests such a limitation. Neither we nor the parties have found authority for that proposition. If either party found any aspect of discovery unfair, the party could employ such established devices as objections, motions for protective orders, motions to compel, and motions to impose sanctions. The trial court's denial of the motion to compel discovery because of fear of unfairness to appellee was unwarranted. It was prejudicial to appellant, who could not testify herself and had to find some other means of proceeding.[3]

■ In summary, the trial court abused its discretion in dismissing for failure to prosecute when a substantial reason for appellant's inability to proceed was the court's own improper denial of appellant's motion to compel discovery. Accordingly, we reverse the order of dismissal and remand these cases for further proceedings consistent with this opinion.

*Reversed and remanded.*

order compelling inspection in accordance with the request.

3. Contrary to appellant's contention, we do not understand the trial court to have been saying that dismissal was warranted under Super. Ct. Civ. R. 37 for appellant's failure to provide discovery. Appellee did not ask for imposition of a sanction under Rule 37, and the court stated both orally and in writing that it was dismissing for failure to prosecute.

The court did state that it was dismissing for "failure on [the] part of plaintiff to appear for trial," as well as for failure to prosecute. Although a court may dismiss if "the party seeking affirmative relief" fails to appear for trial, Super. Ct. Civ. R. 39–I(b), it is not necessary for the plaintiff to appear personally absent compulsory process such as a subpoena. We consider the presence of appellant's counsel on the trial date sufficient to withstand a motion to dismiss under Rule 39–I(b). The trial court's reliance on appellant's failure to appear in person for trial, therefore, was an erroneous basis for dismissal.