762 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THE COUNTY OF OAKLAND BY GEORGE W. KUHN, THE OAKLAND COUNTY
DRAIN COMMISSIONER, PLAINTIFF-APPELLEE,
v.
CITY OF DETROIT, ET AL., DEFENDANTS.
NANCY ALLEVATO, as Personal Representative for the Estate of
MICHAEL J. FERRANTINO, SR.; CHARLES CARSON; WAYNE
DISPOSAL, INC., (85-1049),
COLEMAN A. YOUNG, (85-1068),
DARRALYN C. BOWERS, (85-1069),
CHARLES BACKHAM, (85-1070),
WALTER TOMYN; MICHIGAN DISPOSAL, INC., (85-1099),
JOSEPH VALENTINI; SAM CUSENZA; WOLVERINE DISPOSAL, INC.;
WOLVERINE DISPOSAL-DETROIT, INC., (85-1100),
Defendants-Appellants.
 NO. 85-1049, 85-1068, 85-1069, 85-1070, 85-1099, 85-1100
 United States Court of Appeals, Sixth Circuit.
 4/8/85
 
 ORDER
 BEFORE: ENGEL, MARTIN, and JONES, Circuit Judges.
 
 
 1
 This matter is before the Court upon plaintiff's motion to dismiss for lack of jurisdiction, defendants' responses in opposition thereto and defendants' motions for a stay of the district court proceedings pending appeal, advancement of appeal, and intervention in pending appeals.
 
 
 2
 Following investigations and wiretap activities under the Omnibus Crime Control and Safe Streets Act of 1969 (Title III), defendants Ferrantino, Sr., Cusenza, Bowers, Beckham, Carson and Valentini were indicted for violation of the Racketeer Influenced and Corrupt Organizations Act, (RICO). Only Ferrantino, Sr., Cusenza, and Bowers were convicted. The government's request for a retrial was granted. However, on 8 March 1984, prior to the retrial, plaintiff filed this civil action against the criminal defendants (Nancy Allevato is the personal representative of the Estate of Ferrantino, Sr.), Coleman Young (Young), Walter Tomyn (Tomyn), the City of Detroit, Vista Disposal, Inc., Wayne Disposal, Inc., Wolverine Disposal, Inc., and Wolverine Disposal-Detroit, Inc. seeking damages for alleged violations of RICO, 18 U.S.C. Sec. 1964(a), (c) and the Sherman Act, 15 U.S.C. Secs. 4, 15, and breach of fiduciary duties. On 16 April 1984 plaintiffs served subpoenas duces tecum on various government agents to obtain access to tapes and other records of electronic surveillance which had been obtained by the government pursuant to Title III. The district court enjoined the government from complying with the subpoenas until further order of the court. On 14 June 1984 the court granted defendants' motions to stay the civil proceedings pending the return of the jury's verdict in the second criminal trial. (Only Beckham and Bowers were retried. Ferrantino, Sr. died before the second trial, and Valentini, Cusenza, and Carson pled guilty). Beckham and Bowers were convicted of RICO violations.
 
 
 3
 After the trial, members of the press petitioned the court for release of tapes which had been played during the trials. The court ruled that the tapes were the property of the government and that the government should decide whether they should be released to the press. The government released the requested tapes.
 
 
 4
 On 31 August 1984 plaintiffs moved to vacate the order staying the civil proceedings. On 2 October 1984 Allevato, Carson and Wayne Disposal Inc. moved the district court to quash the subpoenas duces tecum served 16 April 1984 and to enjoin the government from complying with the subpoenas. The other defendants later concurred in and adopted the motions to quash as their own. After the hearing on the motions the district court lifted the order which had stayed the civil proceedings pending the jury verdict in the criminal trial and took the motions to the quash subpoenas under advisement. On 14 December 1984 the district court held that defendants' privacy rights could not bar discovery of materials used by the government during the criminal trials and previously released to the press. It, therefore, refused to quash subpoenas for those materials and to enjoin the government from releasing them. However, it did order the subpoenas quashed to the extent that plaintiffs sought materials which were not admitted into evidence at trial. The court found that while Congressional intent regarding the use of surveillance materials by private litigants pursuing RICO claims is unclear, it was unnecessary to rule on the issue because: 1) the government had made no decision regarding release of the materials; 2) the court did not have an indication of the exact nature of the materials requested; and 3) it was questionable whether disclosure of materials could be compelled under 18 U.S.C. Sec. 2517(3) if the materials were not disclosed during the criminal trials. Defendants appealed.
 
 
 5
 Upon consideration, this Court concludes that it lacks jurisdiction to entertain these appeals. The order from which defendants' appeal is neither final within the meaning of 28 U.S.C. Sec. 1291 nor does it grant or deny an injunction within the meaning of 28 U.S.C. Sec. 1292(a)(1). Generally, a discovery order is merely an interlocutory order in the course of proceedings and is not appealable. Alexander v United States, 201 U.S. 117 (1906); Cobbledick v United States, 309 U.S. 323 (1940). Specifically, a district court order denying or granting a motion to quash a subpoena is not a final appealable order, In re Grand Jury Proceedings In the Matter of Fine, 641 F.2d 199 (5th Cir. 1981); In Re Grand Jury Subpoena for New York State, Etc., 607 F.2d 566 (2d Cir. 1979); In re Rom, 459 F.2d 15 (5th Cir. 1972), nor is it an interlocutory order denying or granting an injunction and is, therefore, not appealable. See 9 Moore's Federal Practice p110.13, (2d Ed. 1983).
 
 
 6
 The 'baptising of a motion to quash' as one to enjoin the enforcement of a subpoena or a motion to suppress as one for an injunction cannot be used as a mechanism to controvert the rule that discovery orders are non-appealable. In the Matter of Grand Jury Investigation of Violations, 318 F.2d 533, 536 (2d Cir. 1963).
 
 
 7
 An interlocutory order is injunctive in nature when it temporarily awards or denies a part or all of the permanent injunctive relief sought by the claimant or that prevents the litigation during the pendency of the proceedings. See 9 Moore's Federal Practice p110.19 (2d Ed. 1983); American Motors v F.T.C., 601 F.2d 1329, 1331 (6th Cir. 1979). Here the relief given by the district court does not fall under the definition of an injunction and is more in the nature of a 'pretrial management order.' It neither halted proceedings nor gave any portion of the substantive relief sought in the complaint. It is clear that the district court's order only narrowed the scope of information which plaintiff could obtain from a non-party to this lawsuit under the subpoenas duces tecum. Since the district court's order did not deny an injunction within the meaning of 28 U.S.C. Sec. 1292(a)(1), this court lacks appellate jurisdiction case numbers 85-1049/1068/1069/1070/1099 and 1100 must be dismissed.
 
 
 8
 Accordingly, it is ORDERED that plaintiff's motion to dismiss is granted and defendants' motion for a stay and all other motions relating to the appeals are denied.