**Willie WATKINS, Appellant,**

v.

**CARTY'S AUTOMOTIVE ELECTRICAL CENTER, INC., et al., Appellees.**

**No. 92–CV–784.**

District of Columbia Court of Appeals.

Submitted Sept. 30, 1993.

Decided Oct. 21, 1993.

---

Daniel J. Slattery, Jr., Washington, DC, was on the brief for appellant.

No brief was filed for appellees.

Before SCHWELB, FARRELL, and KING, Associate Judges.

FARRELL, Associate Judge:

We here vacate a dismissal entered pursuant to Super.Ct.Civ.R. 41(b).

Plaintiff (appellant here) filed the instant complaint on October 25, 1991. Defendant (appellee) answered on January 9, 1992. On February 7, 1992, the trial judge dismissed the case for want of prosecution because plaintiff did not appear for the initial hearing in the case scheduled for that day. As the trial judge did not indicate to the contrary, the dismissal amounted to a judgment on the merits. Rule 41(b).

On June 9, 1992, plaintiff, by counsel, filed a "Consent Motion to Reinstate Case" under Super.Ct.Civ.R. 60(b), asserting (*via* counsel's supporting affidavit) that plaintiff had never received notice of the February 7 hearing and, indeed, had not received notice of the dismissal and only learned of it after reviewing the case file on June 4, 1992. Counsel stated that "[d]efendant does not oppose this motion." In keeping with that representation, defendant filed no opposition to the motion to reinstate the suit. The trial judge nonetheless denied the motion with the handwritten notation that "[t]he Court records show that plaintiff's counsel, as in all other cases, was given a notice of the initial hearing date when he filed the complaint."

"We have consistently stated that dismissal with prejudice pursuant to Super.Ct.Civ.R. 41(b) should be sparingly exercised." *Wilds v. Graham,* 560 A.2d 546, 547 (D.C.1989).[1] The reason it is "a drastic rem-

---

1. We have made the same point with respect to dismissal under Super.Ct.Civ.R. 16–II for failure to appear at a pretrial, settlement, or status con-

edy" is that it "is contrary to the emphasis placed by the court on the desirability of assuring the right to be heard on the merits." *Hackney v. Sheeskin,* 503 A.2d 1249, 1253 (D.C.1986). Thus, although the decision on a motion to set aside a default judgment under Rule 60(b) lies within the broad discretion of the trial judge, *e.g., State Farm Mut. Auto. Ins. Co. v. Brown,* 593 A.2d 184, 185 (D.C. 1991), we review the exercise of that discretion carefully, even critically—a point capsulated by our (somewhat elusive) formulation that "even a slight abuse of discretion in refusing to set aside a [default] judgment may justify reversal." *Starling v. Jephunneh Lawrence & Assocs.,* 495 A.2d 1157, 1159 (D.C.1985). *See also Joyce v. Walker,* 593 A.2d 199, 200 (D.C.1991); *id.* at 205 (Belson, J., dissenting).

██ In this case, as pointed out, defendant filed no opposition to the motion to reinstate the case and did not dispute plaintiff's representation that it agreed to reinstatement. These facts are not decisive, of course; the finality considerations that underlie Rule 60(b), *see Clement v. District of Columbia Dep't of Human Servs.,* 629 A.2d 1215, 1219 (D.C.1993), serve interests beyond the possible prejudice to the party opposing the grant of a Rule 60(b) motion. *See Perry v. Sera,* 623 A.2d 1210, 1219 (D.C.1993). Nevertheless, we have stated repeatedly that before dismissal is warranted, the trial judge "must ... consider whether prejudice to the nonmoving party would result." *Jones v. Health Resources Corp. of Am.,* 509 A.2d 1140, 1145 (D.C.1986). *See also Iannucci v. Pearlstein,* 629 A.2d 555, 559–60 (D.C.1993); *Braxton v. Howard Univ.,* 472 A.2d 1363, 1365 (D.C. 1984). Indeed, the absence of any showing of prejudice by the nonmoving party has "figured prominently" in our decisions reviewing the propriety of a dismissal. *Hinkle v. Sam Blanken & Co., Inc.,* 507 A.2d 1046, 1049 (D.C.1986). All the more so is it pertinent in a case where the parties have jointly

consented to reinstatement. *Cf. Maldonado v. Maldonado,* 631 A.2d 40, 44 (D.C.1993).

In this case, the trial judge rested his denial of plaintiff's motion solely upon the fact that, according to court records, plaintiff had received the notice of the initial hearing date issued to counsel "in all cases" when the complaint is filed. There is no indication that the judge considered other factors—including the presence or absence of prejudice to defendant—in considering whether the severe sanction of dismissal of the suit with prejudice was necessary. *See Durham,* 494 A.2d at 1351 (noting conclusion of many federal courts addressing the issue "that a singular absence from a pretrial conference with no other evidence of dilatoriness on the part of the plaintiff is an insufficient basis for the sanction of dismissal").[2] We conclude, therefore, that the trial judge should be required to consider further the necessity of dismissal in light of possible other sanctions (including attorney's fees) available for plaintiff's failure to appear at the initial hearing.

*Judgment vacated.*

ference. *Durham v. District of Columbia,* 494 A.2d 1346, 1350 (D.C.1985).

**2.** *See,* by contrast, *Solomon v. Fairfax Village Condominium IV Unit Owner's Assoc.,* 621 A.2d 378 (D.C.1993) (affirming dismissal for failure to

appear at Rule 16 pretrial conference *and* file required pretrial statements; appellant-plaintiff's conduct fairly characterized as "dilatory" under *Durham* ).