**Freeland JOHNSON, Appellant**

v.

**LUSTINE REALTY COMPANY, INC., Appellee.**

**No. 92–CV–564.**

District of Columbia Court of Appeals.

Argued March 16, 1994.

Decided April 11, 1994.

Frederic W. Schwartz, Jr., Washington, DC, for appellant.

No brief was filed on behalf of appellee. Brian D. Riger, Chevy Chase, MD, entered an appearance for appellee.

Before FERREN, Acting Chief Judge,[*] and TERRY and FARRELL, Associate Judges.

TERRY, Associate Judge:

In this landlord-tenant case, the tenant appeals from an order denying his motion under Super.Ct.Civ.R. 60(b)[1] to set aside a default judgment. We conclude that the trial court abused its discretion in denying the Rule 60(b) motion, and hence we reverse the trial court's order and remand for further proceedings.

I

Lustine Realty (the landlord) sued Freeland Johnson (the tenant) for possession of an apartment which he rented. Most of the issues between the parties were resolved by settlement negotiations, but when the negotiations hit a snag, the case was restored to active status on the trial court's docket. Lustine's attorney then filed a praecipe asking that the case be set for a status hearing on April 30, 1992. A copy of the praecipe was mailed to Johnson's attorney at his address of record.

The hearing convened on April 30, but neither Johnson nor his counsel was present, and the court entered a default judgment of possession in favor of the landlord. A few days later the landlord sought and obtained a

---

[*] Judge Ferren was an Associate Judge of the court at the time of argument. His status changed to Acting Chief Judge on March 18, 1994.

1. Civil Rule 60 is applicable to proceedings in the Landlord and Tenant Branch of the Superior Court. *See* Super.Ct. L & T R. 2.

writ of restitution. When the eviction notice was served on Mr. Johnson, his attorney promptly moved for a stay of the writ, which was granted on May 8.

At a hearing on May 14 on Johnson's motion to vacate the default judgment under Rule 60(b),[2] his attorney told the court that all the matters in dispute between the parties had been resolved except for a disagreement over the payment of $63 in court costs. When the court expressed some skepticism about reopening the case just to decide who should pay such a small sum of money ("you don't want me to rule for sixty-three dollars, do you?"), Johnson's attorney said that his failure to appear at the April 30 hearing had resulted from an error in his own office. Counsel told the court that the praecipe had in fact been received in his office, but that it had not been routed to him as it should have been:

> I did not receive it at my office ... or had not thought I had received a copy of the praecipe setting the hearing. After I spoke with Mr. Riger [the landlord's counsel], I went back and discovered it among other papers. Somebody had apparently taken it and misfiled it.

After hearing this explanation, the court vacated the stay and denied the Rule 60(b) motion. This appeal followed.

## II

■ Although we can readily sympathize with the trial judge's concern about restoring this case to the docket when the only remaining issue was who would pay $63 in court costs, we are troubled by the judge's failure to consider more directly "the strong judicial policy favoring adjudication on the merits of a case." *Walker v. Smith*, 499 A.2d 446, 448–449 (D.C.1985) (citations omitted). The denial of a Rule 60(b) motion is reviewable only for abuse of discretion. *E.g., Moradi v. Protas, Kay, Spivok & Protas*, 494 A.2d 1329, 1331 (D.C.1985); *Joseph v. Parekh*, 351 A.2d 204, 205 (D.C.1976). However, when a party moves to set aside a default judgment under Rule 60(b), we have held that because "courts universally favor a trial on the merits," even "a slight abuse of discretion" in denying such a motion may justify reversal. *Jones v. Hunt*, 298 A.2d 220, 221 (D.C.1972); *accord, e.g., Mewborn v. U.S. Life Credit Corp.*, 473 A.2d 389, 391 (D.C.1984); *see Starling v. Jephunneh Lawrence & Associates*, 495 A.2d 1157, 1159 (D.C.1985). Moreover, we have "long emphasized that the trial court has a responsibility to inquire where matters are raised which might entitle the movant to relief under Rule 60(b)." *Id.* at 1162. The trial judge here did not make such an inquiry, nor did he address two factors which bore directly on the merits of appellant's motion. On this record, we find an abuse of discretion.

■ Just a few months ago, in a case with very similar facts, we vacated the denial of a Rule 60(b) motion to set aside a dismissal and sent the case back to the trial court. *Watkins v. Carty's Automotive Electrical Center, Inc.*, 632 A.2d 109 (D.C.1993). As in this case, the plaintiff in *Watkins* had failed to appear at a scheduled hearing, and the court had dismissed his complaint. We held that the trial judge had abused his discretion by failing to consider two factors: the likelihood of prejudice to the non-moving party resulting from reinstatement of the complaint[3] and the availability of "possible other sanctions (including attorney's fees) ... for plaintiff's failure to appear at the initial hearing." *Id.* at 110.

We find this case indistinguishable on its material facts from *Watkins*. Accordingly, following *Watkins*, we reverse the order denying appellant's Rule 60(b) motion and remand the case for further proceedings. On remand the trial court should specifically consider whether the landlord would be prejudiced by vacating the default judgment (no showing of prejudice has been made thus far) and whether other sanctions short of a default judgment, including attorney's fees as suggested in *Watkins*, might be sufficient to

---

**2.** For reasons unexplained in the record, the May 14 hearing was held before a judge who had had no prior contact with the case.

**3.** In *Watkins* the defendant not only failed to make any showing of prejudice, but actually consented to the plaintiff's Rule 60(b) motion seeking reinstatement of the complaint.

make the landlord whole. Any other relevant factors, of course, may be weighed in the balance as well.

*Reversed and remanded.*