### DISTRICT OF COLUMBIA DEPARTMENT OF ADMINISTRATIVE SERVICES, Appellant,

v.

### INTERNATIONAL BROTHERHOOD OF POLICE OFFICERS, LOCAL 445, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL–CIO, Appellee.

No. 95–CV–1088.

District of Columbia Court of Appeals.

Argued June 11, 1996.

Decided July 24, 1996.

FERREN, Associate Judge:

Appellant, District of Columbia Department of Administrative Services (DAS), says the Superior Court erred in dismissing its petition for review of a Decision and Order of the Public Employee Relations Board (PERB) because the court relied on a hypertechnical pleading violation that prejudiced no one. The court essentially dismissed the petition because DAS named as "respondent" in the petition's caption the party that prevailed before the agency—the International Brotherhood of Police Officers (IBPO)—rather than naming PERB itself, the only entity that could afford relief. We agree with DAS, reverse, and remand for reinstatement of the petition.

## I.

On March 22, 1994, IBPO filed before PERB an unfair labor practice complaint against DAS. IBPO alleged that DAS had violated D.C.Code § 1–618.4(a)(1), (5) (1992 Repl.) by failing to negotiate with the union over the provision of "private, exclusive union office space" at DAS so that IBPO could carry out its "representational functions under the Comprehensive Merit Personnel Act." DAS filed a response on April 11, 1994, and PERB issued its decision and order on August 5, 1994. PERB ruled in IBPO's favor and required, among other things, that DAS "cease and desist from refusing to bargain in good faith" with IBPO as to the requested union office facilities. PERB Case No. 94–U–13, Opinion No. 401 (Aug. 5, 1994).

On September 16, 1994, alleging DAS's noncompliance, IBPO filed a motion asking PERB to seek court enforcement of its order. PERB found that DAS had failed to comply and granted the motion to enforce. PERB Decision and Order on Motion for Enforcement, Case No. 94–U–13, Opinion No. 406 (Oct. 26, 1994). PERB granted DAS ten days to comply—to begin bargaining in good faith—before PERB would seek judicial enforcement under D.C.Code § 1–618.13(b).

On November 23, 1994, DAS sought Superior Court review of PERB's October 26, 1994 order pursuant to D.C.Code § 1–

James C. McKay, Jr., Assistant Corporation Counsel, with whom Charles F.C. Ruff, Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Lutz Alexander Prager, Assistant Deputy Corporation Counsel, were on the brief, for appellant.

Edward J. Smith, of the bar of the Commonwealth of Massachusetts, pro hac vice, by special leave of court, with whom Carol R. Golubock, Washington, DC, was on the brief, for appellee.

Linda M. Correia, with whom Bruce A. Fredrickson, Washington, DC, was on the brief, for the Public Employee Relations Board as amicus curiae.

Before FERREN and KING, Associate Judges, and GALLAGHER, Senior Judge.

618.13(c) (1992 Repl.) and Super.Ct.Civ.Agency Rev.R. 1 (1996).[1] DAS listed IBPO as "respondent" in the case caption of its petition for review. DAS served copies of its petition on IBPO's general counsel, on a Labor Relations Officer of the District of Columbia Office of Labor Relations and Collective Bargaining, and on the Director of PERB.

PERB filed a Consent Motion for Leave to Intervene pursuant to Super.Ct.Civ.Agency Rev.R. 1(c). The motion represented that "the Union and Corporation Counsel [had] consent[ed] to the Motion." On May 24, 1995, IBPO filed a Brief in Support of Dismissal of the petition for review, arguing that DAS improperly had named IBPO as respondent, that the Petition for Review had been untimely filed, and that in any event DAS's position had no merit. On June 14, 1995, DAS filed a Reply of Petitioner to Respondent's and Intervenor's Briefs in Support of Dismissal of the Petition for Review, answering the arguments raised on the merits of the action without addressing IBPO's procedural contentions. The trial court issued a Memorandum Order on July 21, 1995, dismissing the petition for review because only IBPO had been named, incorrectly, as respondent. According to the court:

> The [Petitioner] erred in naming IBPO as [Respondent], as IBPO has committed no wrong or culpable conduct. In addition, IBPO lacks the authority to overturn a PERB decision. The [Petitioner's] naming of IBPO as [Respondent] flouts the statutory requirement mandating the naming of the 'respondent agency' as the [respondent].
>
> The District of Columbia Court of Appeals Rule 15 is clear: a party must name the respondent agency when seeking to review an agency decision. D.C.Ct.App.R.

15(c). In addition, the Rules provide for parties to the agency proceeding standing as intervenors, not standing as [respondents]. *See* D.C.Ct.App.R. 15(e). The statute does not provide for a suit against the party receiving the benefit of the agency decision.

Further, under Superior Court Civil Rule 19, PERB is a necessary party. However, because joining PERB will not remedy the wrongful naming of IBPO as the [Respondent], this Court will not order PERB joined as a necessary party, nor entertain the Motion for Leave to Intervene. This case does not involve the [Petitioner's] failing to name a necessary party, rather the instant case involves the [Petitioner's] naming the wrong [respondent]. The suit must be dismissed, as the wrong party is being forced to defend itself.

DAS filed a timely notice of appeal.

## II.

■ We review, for abuse of discretion, the trial court's ruling on a motion to dismiss. *See Wolfe v. Fine,* 618 A.2d 169, 173 (D.C. 1992); *White v. Washington Metro. Area Transit Auth.,* 432 A.2d 726, 728 (D.C.1981).[2] Nonetheless, a trial court should not be quick to dismiss an action; dismissal is a drastic remedy, "contrary to the emphasis placed by the court on the desirability of assuring the right to be heard on the merits." *Watkins v. Carty's Automotive Elec. Ctr., Inc.,* 632 A.2d 109, 110 (D.C.1993) (quoting *Hackney v. Sheeskin,* 503 A.2d 1249, 1253 (D.C.1986)). The trial court dismissed DAS's petition for review for failing to comply with Superior Court rules, specifically for naming IBPO instead of PERB as "respondent" in the caption of the petition for review. We therefore

---

1. DAS did not seek review of PERB's earlier order, Opinion No. 401, because DAS believed that "the August 4, 1994 Order did not expressly rule that DAS was required to negotiate the subject [of office space]."

2. The trial court did not specify the rule under which it dismissed the action here. As in previous cases, however, "[w]e assume that Super.Ct.Civ.R. 41(b) served as the basis for the dismissal." *Techniarts Video, Inc. v. 1631 Kalo-*

*rama Assoc.,* 572 A.2d 1051, 1053 n. 10 (D.C. 1990); *see also Wolfe,* 618 A.2d at 173 n. 10. Super.Ct.Civ.R. 41(b) provides:

> For failure of the plaintiff to prosecute or to comply with these Rules or any order of Court, a defendant may move for dismissal of an action or of any claim against the defendant or the Court may, sua sponte, enter an order dismissing the action or any claim therein.

consider, first, whether the petition for review complied with court rules.

Super.Ct.Civ.Agency Rev.R. 1(a) provides:

Unless a different time is prescribed by statute an appeal to the Superior Court of the District of Columbia permitted by the [District of Columbia Government Comprehensive Merit Personnel Act of 1978], shall be obtained by filing a petition for review with the Clerk of the Civil Division, within 30 days after service of formal notice of the final decision to be reviewed or within 30 days after the decision to be reviewed becomes a final decision under applicable statute or agency rules, whichever is later. The petition shall show service, in accordance with Civil Rule 5, upon all other parties to the agency proceeding and the Office of the Corporation Counsel of the District of Columbia.

The appendix to Super.Ct.Civ.Agency Rev.R. 1 provides a form for parties to use as a model when drafting a petition for review of an agency decision. That form, in relevant part, provides:

SUPERIOR COURT OF THE DISTRICT
OF COLUMBIA

CIVIL DIVISION

PETITION FOR REVIEW OF
AGENCY DECISION

_____
Petitioner(s)

Docket Number

_____
Respondent(s)

A Notice is hereby given that _____ appeals to the Superior Court of the District of Columbia from the order of _____ (insert name of agency or official issuing the order from which review is sought) issued on the ____ day of _____,

19____. A copy of that order or decision is attached to this petition.

In the petition for review, Corporation Counsel listed IBPO in the caption as "Respondent" but designated PERB in the first paragraph as the agency "issuing the order from which review is sought." Both IBPO and PERB were served in accordance with Super.Ct.Civ.R. 5 (1996). Even if the rule and proposed form did not make clear that DAS should have named as respondent the agency that issued the order, rather than the party that prevailed before the agency, our decision in *Council of School Officers v. Vaughn*, 553 A.2d 1222 (D.C.1989), should have settled the matter. We held in *Vaughn* that the neutral arbitrator and the chairman of PERB were not proper respondents because neither of them could "afford the relief sought." *Id.* at 1226. DAS's counsel, therefore, incorrectly omitted PERB—the only entity that could "afford the relief sought," *id.*—from the caption as the proper "respondent," and the court correctly found a literal violation of Super.Ct.Civ.Agency Rev.R. 1.

### III.

■ DAS's counsel urges, nonetheless, that "the District's naming of IBPO instead of PERB as a respondent in the caption was no more than a minor, technical error, which did not affect substantive rights." Counsel urges us to hold that such a technical failure to comply with these particular court rules, which does not adversely affect the other parties, should not be grounds for dismissing the petition for review. *Cf. Whitener v. WMATA*, 505 A.2d 457, 460 (D.C.1986) (failure to raise affirmative defense of statute of limitations in answer did not bar raising it later in motion for judgment on pleadings when plaintiff would not be prejudiced). We agree that the trial court abused its discretion by categorically dismissing the petition for review without considering the prejudice to the parties caused by DAS's mistake; this is not the kind of rules violation that calls for *per se* dismissal.[3]

---

**3.** This is not to say that all aspects of filing a notice of appeal are subject to the approach we take here. Time limits, for example, are mandatory and jurisdictional, *see, e.g., In re C.I.T.*, 369 A.2d 171, 172 (D.C.1977), as is providing "some designation that gives fair notice of the specific

individual or entity seeking to appeal." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 318, 108 S.Ct. 2405, 2409–10, 101 L.Ed.2d 285 (1988) (use of "*et al.*" rather than party's name in notice of appeal not sufficient to grant court jurisdiction over party's appeal).

DAS's counsel finds support for this position in federal cases based on FED.R.APP.P. 3(c).[4] The federal appellate rule differs from the comparable Superior Court rule,[5] however, in so far as the federal rule expressly states that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." *Id., supra* note 4; *see United States v. Uni Oil, Inc.,* 710 F.2d 1078, 1080–81 n. 1 (5th Cir.1983) ("In the absence of substantial prejudice to a party, it is too late in the day to revive the kind of hyper-technical reading of legal papers that might have prevailed under a nineteenth-century code pleading system."); *cf. Scherer v. Kelley,* 584 F.2d 170, 174 (7th Cir.1978) ("[n]otices of appeal are entitled to a liberal construction where the intent of the appellant is apparent and the adverse party is not prejudiced"), *cert. denied,* 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778 (1979).

■ Despite the lack of this specific liberal language in the local trial or appellate court rules, however, the Superior Court Rules, like the federal rules, generally "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome, and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Industrial Bank v. Allied Consulting,* 571 A.2d 1166, 1167 (D.C.1990) (per curiam) (quoting *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). DAS's counsel named PERB, as well as IBPO, on the first page of the petition for review; the petition correctly identified PERB as the agency that issued the order from which relief was sought; and counsel correctly served the petition on both PERB and IBPO, attaching a copy of PERB's order to the petition. At the time the trial court ruled on the motion to dismiss,

PERB's motion to intervene, consented to by all parties, was also before the court. As we said in *Industrial Bank,* 571 A.2d at 1168:

We do not excuse [petitioner's] careless pleading in this case. . . . Courts are entitled to expect greater professionalism than this in the filing of pleadings by counsel. The [IBPO and PERB], however, can point to no surprise or other prejudice from these failures, and thus our decision is controlled by the preference manifested by the rules of civil procedure "for resolution of disputes on the merits, not on technicalities of pleading." *Keith v. Washington,* 401 A.2d 468, 470 (D.C.1979).

■ Although it may well be true that IBPO should be dismissed as a party if it desires not to participate, there is no reason to dismiss the petition for review itself given that PERB has acted, for all practical purposes, as the respondent it truly is. PERB received actual notice of the suit, was properly served, filed responsive pleadings, and obtained the consent of all parties to intervene in the proceeding. Because the Superior Court has had the full benefit of PERB's participation in the action, no one can claim significant prejudice from a decision to review the petition on its merits, despite petitioner's incorrect naming of IBPO as respondent. Specifically, IBPO has not argued that it definitely would have declined to intervene if it had not been named, incorrectly, as respondent. But even if IBPO would not have intervened in the review proceeding, there is not sufficient justification to warrant dismissal of a petition that DAS had every right to pursue. Much of the burden unfairly placed on IBPO can be remedied, through an award of costs, *see* D.C.Code § 1–618.13(c), without dismissal of DAS's petition. In any event, a dismissal of the entire peti-

---

4. FED R.APP.P. 3(c) provides in relevant part:

A notice of appeal must specify the party or parties taking the appeal by naming each appellant in either the caption or the body of the notice of appeal. . . . An appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.

5. Super.Ct.Civ. Agency Rev.R. 1(d) provides in relevant part:

The petition for review shall contain the information called for in the "Petition for Review of Agency Decision" form available from the Clerk, including the names of all the petitioners seeking review, and all the respondents, together with a concise statement of the agency proceedings, the decision sought to be reviewed, and the nature of the relief requested. In addition, a copy of the agency order or decision sought to be reviewed shall accompany the petition.

tion would not diminish the prejudice to IBPO from initially being forced to participate as "respondent," and certainly PERB— which is the proper respondent, has filed responsive pleadings, and has sought to intervene—can cite no prejudice from Superior Court review of the petition on its merits.

\*     \*     \*

We therefore reverse the trial court's order dismissing the petition for review and remand for further proceedings consistent with this opinion to substitute PERB as the respondent and to consider, if requested, a motion by IBPO for dismissal as a party.

*So ordered.*